## No. 10,812.

### SUCCESSION OF F. ANDRIEU.

When a person has been discharged in bankrupt proceedings, and afterward gives his note to a creditor for a claim on his schedule, the moral obligation to pay. is a sufficient consideration for the note.

Where a person deals with another who furnishes him supplies under an agreement to make monthly statements of the condition of his business, and he omits to place in said monthly statements a debt due his book-keeper, which was created before he became his employee, and which is no way connected with the business, this is not such evidence of fraud on the part of said book-keeper as to prevent his participation in the funds of the succession of the deceased employer equally with all the other ordinary creditors, including the merchant who furnished the supplies and to whom the monthly statements were made.

APPEAL from the Civil District Court for the Parish of Orleans. Monroe, J.

*Buck, Dinkelspiel & Hart* for the Administrator, Appellee.

*E. J. Wenck* for Opponent and Appellee.

*Aug. Bernau* for Opponent and Appellant.

The opinion of the court was delivered by

McENERY, J.   The administrator of the succession of F. Andrieu filed his final account, without placing the claim of Rene Dumestre thereon.   He filed an opposition to the account, opposing the account generally, but afterward restricted his opposition to the claim of P. Thormahlen, who was placed on the account as a creditor for the sum of $30,239.69.

Thormahlen also attacks the validity of the claim of Dumestre.

Dumestre is the owner and holder of a note, executed by the deceased April 4, 1887, payable to his order twelve months after date, for the sum of $2636.76, with 8 per cent. interest thereon.

Andrieu previous to his discharge in bankruptcy owed the opponent a certain sum of money.   The amount was placed on his schedule, and the opponent voted for his discharge.   After his discharge, Andrieu gave Dumestre his note for the amount, and renewed the same from time to time, the last renewal note, with accumulated interest, being the one now held by Dumestre, and upon which his opposition is founded.

There is no doubt of the execution of the note by Andrieu.   The moral obligation resting upon him to pay the note was a sufficient foundation for the new promise to pay, and the consideration of the note.

It is, therefore, a valid claim against the succession.

Thormahlen started Andrieu in the shoe factory business many years ago.   He entered into an agreement with the deceased Andrieu, that he should purchase supplies only from him, and that Andrieu was to furnish him monthly statements as to the condition of his business.   Dumestre during the existence of this agreement became the book-keeper for Andrieu.   In the monthly statement furnished Thormahlen, the note of Dumestre was omitted.   Dumestre states that this omission was in consequence of instructions from his em-

ployer, who told him if the note appeared in the statements, it would cause Thormahlen to break him up. The fact of the omission of the note from the monthly statements is urged by Thormahlen as a reason why Dumestre should not be allowed to participate in the funds of the succession to his injury.

The decree of the lower court took this view of the case presented by Thormahlen, and ordered that Dumestre's claim be allowed, but not to conflict with the claim of Thormahlen.

From the statements in the record as to the agreement, we infer it related exclusively to the factory business conducted by the deceased Andrieu. In the monthly statements there are some items for house rent, clothing and some other outside transactions, but they seem to be exceptional, and were paid from funds derived from the business, and were entered in the cash book.

Dumestre's note was an outside transaction, and had no reference to Andrieu's business. There was no reason why it should have appeared in the accounts of the factory business. It does not appear that Thormahlen required any statement as to Andrieu's outside indebtedness.

It is in proof that Andrieu did purchase from other parties, to which violation of his agreement it does not seem that Thormahlen made any opposition. The monthly statements showed that Andrieu was insolvent from the time he was furnished with materials by Thormahlen until his death.

Dumestre, when he was employed by Andrieu, was a creditor of the deceased. He was the creditor and holder of a note which had been afterward renewed when Thormahlen was furnishing Andrieu. He became his clerk, and by direction of his employer omitted to place the note on the monthly accounts.

It had not been placed there before he became the clerk and book-keeper of Andrieu.

Had the indebtedness of Andrieu to Dumestre been disclosed in the monthly accounts, and Thormahlen had proceeded against his debtor Andrieu, he would have been in no better condition than at the time of Andrieu's death.

The indebtedness of Andrieu to him kept at pretty much the same figures during their business engagement. The claim of Dumestre being a legal and valid one against the succession, there is no law

which provides for giving Thormahlen's debt a privilege prior to it. They are both ordinary claims.

Dumestre did not intentionally deceive Thormahlen, and we can see no reason why his debt should not share equally with that of Thormahlen, both being ordinary claims against the succession.

Four of the notes held by Thormahlen were executed by Andrieu's son during his father's absence. The notes were given to balance accounts, and were for goods already sold and delivered to Andrieu. The accounts are fully proved, and the claim of Thormahlen is a just one. It does not rest exclusively on the notes for the evidence of the indebtedness.

It is ordered, adjudged and decreed that the judgment appealed from be avoided and reversed, so far as it directs the payment of the claim of the opponent Dumestre after the satisfaction of the claim of Thormahlen, and it is now ordered that the claim of Dumestre be paid proportionally and equally with all ordinary claims in the distribution of the funds in the succession of F. Andrieu. In other respects the judgment is affirmed, appellee to pay costs of appeal.